**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| **MARK SKILLINGTON,** )<br>)<br> **Plaintiff,** )<br>)<br> vs. )<br>)<br> **ACTIVANT SOLUTIONS, INC.,** )<br>)<br> **Defendant.** ) | Case No. 4:09CV673MLM |

## MEMORANDUM OPINION

Before the court is the Motion for Reconsideration filed by Plaintiff Mark Skillington ("Plaintiff"). Doc. 49. Defendant Activant Solutions, Inc. ("Defendant") filed a Memorandum in Opposition. Doc. 50. Plaintiff filed a Reply. Doc. 51.

Defendant contends that the pending Motion for Reconsideration is not cognizable. Rule 59(e) of the Federal Rules of Civil Procedure provides for motions to alter or amend a judgment. Also, Rule 60(b) of the Federal Rules of Civil Procedure provides that a court may, on motion, provide relief from a judgment. Rule 60(b)(1)-(5) specifies reasons why a court may grant such relief. Additionally, Rule 60(b)(6) provides that a court may provide relief from judgment for any reason other than those specified in Rule 60(b)(1)-(5) where relief is justified. Thus, a district court has broad discretion in ruling on motions to reconsider. Capitol Indemnity Corp. v. Russellville Steel Co., Inc., 367 F.3d 831 (8th Cir. 2004). As such, the court finds that Plaintiff's Motion for Reconsideration is cognizable.

On November 17, 2009, the court issued a Memorandum Opinion, granting, in part, and denying, in part, a Motion for Summary Judgment filed by Defendant. The court denied Defendant's

Motion for Summary Judgment in regard to Count I of Plaintiff's Amended Complaint, alleging breach of contract. The court granted Defendant's Motion for Summary Judgment in regard to Count II, alleging a breach of the duty of good faith and fair dealing, and Count III, alleging a violation of the Missouri Sales Commission Statute.

In the pending Motion for Reconsideration Plaintiff asserts that the court erred in granting the Motion for Summary Judgment in regard to Count III as he is entitled to damages, in addition to unpaid commissions, as provided by the Missouri Sales Commission Statute. Specifically, in regard to Count I, the court found that the Plan, which set forth commissions to which Plaintiff contends he is entitled, is ambiguous and that, therefore, there are genuine issues of material fact as to whether Plaintiff is entitled to commissions under the Plan. In regard to Count III, the court found that, even assuming, arguendo, that the Plan does not control, *Plaintiff is not entitled to commissions under the Missouri Sales Commission Statute* as he undisputed facts establish that no products or services were ordered by Atwoods or Rural King prior to Plaintiff's termination. Doc. 48 at 11. As such, despite Plaintiff's contention to the contrary, he is not entitled to any additional damages as provided by the Missouri Sales Commission Statute.[1] The court finds, therefore, that Plaintiff's Motion for Reconsideration should be denied.

Pursuant to Fed. R. Civ. P. Rule 60(a), which provides that the court may correct a mistake

---

[1] The court is mindful that had products or services been ordered by Atwoods or Rural King prior to Plaintiff's termination, Plaintiff might have been entitled to damages other than actual damages, as provided by the Missouri Sales Commission Statute, Mo. Rev. Stat. § 407.912.1(1) ("Any principal who fails to timely pay the sales representative commissions earned by such sales representative shall be liable to the sales representative .... an additional amount as if the sales representative were still earning commissions calculated on an annualized pro rata basis from the date of termination to the date of payment. In addition the court may award reasonable attorney's fees and costs to the prevailing party.").

or clarify a point on its own, the court clarifies that, because the Plan contains ambiguities as discussed in the court's Memorandum Opinion, there remains a genuine issue of material fact as to whether Plaintiff is entitled to commissions under the Plan. Under such circumstances, Defendant's Motion for Summary Judgment was denied as to Count I. Further, under no circumstances is Plaintiff entitled to commissions or damages of any type under the Missouri Sales Commission Statute as the undisputed facts establish that no products or services were ordered by Atwoods or Rural King prior to Plaintiff's termination. Under such circumstances, Defendant's Motion for Summary Judgment was granted as to Count III.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion for Reconsideration filed by Plaintiff is **DENIED**; Doc. 49.

/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this 4th day of January, 2010.